```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
              Civil No. 14-4529(DSD/BRT)
```

Minnesota Nurses Association,

       Plaintiff,

v.                                          **AMENDED ORDER[1]**

North Memorial Health Care and
North Memorial Medical Center,

       Defendants.

    Christopher K. Wachtler, Esq. and Wachtler Law Office, 831 Como Avenue, St. Paul, MN 55103, counsel for plaintiff.

    Daniel R. Kelly, Esq. and Felhaber Larson, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion to vacate, or in the alternative, modify or correct the arbitrator's decision by plaintiff Minnesota Nurses Association (MNA). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part.

## BACKGROUND

This labor arbitration dispute arises out of staffing decisions made by defendant North Memorial Health Care (North Memorial) regarding weekend work for senior nurses. MNA represents

---

[1] Order amended only to direct that judgment be entered accordingly.

nurses employed by North Memorial. Marsh Aff. Ex. A, at 1. North Memorial and MNA are parties to a collective bargaining agreement (CBA), which took effect on June 1, 2013, and will expire on May 31, 2016. Id. § 65. Article 23 of the CBA sets forth the parties' agreement as to weekend work. Id. § 23. Section I prohibits North Memorial from requiring nurses "with thirty (30) calendar years of service at age fifty-five (55) or above" to work on weekends. Id. § 23(I). An exemption applies, however, if compliance with the provision "would deprive patients of needed nursing service." Id. Also relevant to this dispute, Article 6, Section A of the CBA governs "confirmed work agreements" for individual nurses. Id. § 6(A). That section provides that a nurse's confirmed work agreement "shall not be changed without consent of the nurse." Id.

Lynette Drake became exempt from weekend work on May 17, 2013. McMahon Aff. Ex. 2, at 7. She submitted a prospective request for no weekend work on March 4, 2013. Marsh Aff. Ex. B, at 6. North Memorial did not formally respond, and on July 31, 2013, MNA filed a grievance on Drake's behalf. Id. at 2. The next day, Drake filed a second request for no weekend work. Id. at 10. North Memorial denied the grievance on September 12, 2013, stating "we are not currently able to guarantee that allowing [Drake] to have every weekend off would not deprive patients of needed nursing service on the weekends." Id. at 3. Likewise, on September 20, 2013, Drake's nurse manager responded to her written requests,

stating that allowing Drake weekends off would "decrease [weekend] coverage even further which could result in depriving patients of needed nursing service." Id. at 6, 10.  MNA thereafter demanded arbitration under the CBA, and on June 6, 2014, a hearing was held before Arbitrator Richard John Miller.  McMahon Aff. Ex. 2, at 1.[2]

The parties submitted post-hearing briefs on July 7, 2014. Marsh Aff. Exs. C, D.  North Memorial framed the relevant issue as: "Did the Medical Center violate Section 23(I) when it refused to regularly schedule [Drake] with no weekends?"  Marsh Aff. Ex. C, at 4.  MNA did not provide an issue statement.  Id. Ex. D.

Arbitrator Miller issued an award on July 18, 2014.  McMahon Aff. Ex. 2.  Miller framed the issues to be decided as follows: "1. Did the Medical Center violate Article 23(I) of the Contract when it refused to regularly schedule [Drake] with no weekend work"; and "2. If so, what is the appropriate remedy?"  Id. at 3. Miller found that North Memorial did not violate Article 23, Section I, because it had the "expressed right" to invoke the patient-care exception.  Id. at 20, 24.  Although Miller found no violation, he determined that the parties needed "a prospective standard for evaluating patient care in accordance with Section

---

[2] Article 40 of the CBA sets for the procedures for arbitrating grievances.  Marsh Aff. Ex. B § 40.  A grievance is defined as "any controversy arising over the interpretation of or the adherence to the terms and provisions of [the CBA]."  Id.  The CBA does not contain any limitation on the arbitrator's authority to resolve grievances or fashion remedies.

3

23(I)."  Id. at 21.  In particular, Miller stated that it was "arbitrary, capricious and discriminatory to have [Drake] work all of the future scheduled weekends when similarly-situated qualifying nurses are exempt from this work."  Id. at 22.  Accordingly, he ordered that

> if [North Memorial] invokes the "exception" proviso to compel qualifying nurses to work on weekends the number of required weekends shall be equally shared (divided) among those qualifying nurses ....

Id. at 24.  Miller found that requiring equal division of weekend work was "[t]he most sensible, reasonable and fairest solution for future weekend scheduling ...."  Id. at 21.

On October 14, 2014, MNA moved to vacate, or in the alternative modify or correct, the arbitration award, in Hennepin County District Court.  ECF No. 1-1.  North Memorial timely removed, and on December 12, 2014, MNA re-filed the motion in this court.  ECF No. 12.

**DISCUSSION**

**I. Standard of Review**

"Judicial review of a labor-arbitration award is narrow and deferential."  Breckenridge O'Fallon, Inc. v. Teamsters Union Local No. 682, 664 F.3d 1230, 1233 (8th Cir. 2012).[3]  An arbitrator's

---

[3] The parties dispute whether federal or state law applies to this action.  Although MNA moved for vacatur under the Minnesota Uniform Arbitration Act, the court finds that this action is
(continued...)

4

decision is legitimate "so long as it draws its essence from the collective bargaining agreement." Boehringer Ingelheim Vetmedica, Inc. v. United Food & Commercial Workers, 739 F.3d 1136, 1140 (8th Cir. 2014). Therefore, if an arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." Breckenridge O'Fallon, 664 F.3d at 1234 (citation and internal quotation marks omitted).

"An arbitrator's broad authority, however, is not unlimited." Med. Shoppe Int'l, Inc. v. Turner Invs., Inc., 614 F.3d 485, 488 (8th Cir. 2010). The court "may vacate a labor arbitration award if the arbitrator exceeds the scope of the submission by ruling on issues not presented to him by the parties." Associated Elec. Coop., 751 F.3d at 904. Likewise, an award may be vacated "if the arbitrator ignored or disregarded the plain language of an

---

³(...continued)
governed by federal law. See Minot Builders Supply Assocs. v. Teamsters Local 123, 703 F.2d 324, 327 (8th Cir. 1983) (allowing removal of action brought pursuant to North Dakota arbitration law, because it was a labor dispute and thus arose under federal law). Moreover, although this action arises under section 301 of the Labor Management Relations Act of 1947, the court may look to precedent interpreting the Federal Arbitration Act. See Associated Elec. Coop., Inc. v. Int'l Bhd. of Elec. Workers, Local No. 53, 751 F.3d 898, 901 (8th Cir. 2014).

unambiguous contract or nullified a provision of the contract." Star Tribune Co. v. Minn. Newspaper Guild Typographical Union, 450 F.3d 345, 348 (8th Cir. 2006).

**II. Motion to Vacate**

MNA no longer contests for purposes of this motion that North Memorial violated Article 23, Section I by denying Drake the no weekend work benefit.  The union argues, however, that vacatur is warranted because Miller, by requiring equal division of weekend work among qualifying nurses, (1) decided an issue that was not submitted to him, and (2) nullified those provisions in the CBA that prohibit North Memorial from altering individual work agreements without the nurse's consent.  The court agrees.

**A.   Scope of the Issues Submitted**

"When two parties submit an issue to arbitration, it confers authority upon the arbitrator to decide *that* issue."  Local 238 Int'l Bhd. of Teamsters v. Cargill, Inc., 66 F.3d 988, 990-91 (8th Cir. 1995) (emphasis in original).  "[O]nce the parties have gone beyond their promise to arbitrate and have actually submitted an issue to an arbiter, [the court] must look both to their contract and to the submission of the issue to the arbitrator to determine his authority."  John Morrell & Co. v. Local Union 304A of United Food & Commercial Workers, AFL-CIO, 913 F.2d 544, 561 (8th Cir. 1990). "[A]n arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded his

6

interpretation of the collective bargaining agreement." Id. at 560 (quoting Pack Concrete v. Cunningham, 866 F.2d 283, 285 (9th Cir. 1989)).

The record reflects that neither party expressly asked the arbitrator to devise a remedy in the event he found a violation of the CBA. Of course, it may be implied that the parties agreed a remedy should issue if a violation occurred, as MNA suggested various scenarios in which it believed North Memorial could meet patient care needs while still offering the no weekend work benefit to Drake. See McMahon Aff. Ex. 2, at 16-20 (rejecting the union's proposed solutions); Bowater Carolina Co. v. Rock Hill Local Union No. 1924, 871 F.2d 23, 25 (4th Cir. 1989) (stating that the scope of issues to arbitrate "may be implied or established by the conduct of the parties") (quoting Int'l Chem. Workers Union, Local No. 566 v. Mobay Chem. Corp., 755 F.2d 1107, 1110 (4th Cir. 1989)). Here, however, Miller found no violation but nonetheless imposed additional obligations on the parties. Cf. Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471, 80 F.3d 284, 288 (8th Cir. 1996) (vacating award that "impos[ed] a new obligation ... thereby amending the collective bargaining agreement"). There is no indication that the parties intended Miller to issue a remedy without first finding a violation on the part of North Memorial. Indeed, Miller's own issue statement premised fashioning an

appropriate remedy on first finding a CBA violation. See McMahon Aff. Ex. 2, at 3. Because Miller strayed beyond the issues submitted to him, vacatur is warranted.

**B.     Nullification of Articles 6 and 24**

Even if Miller somehow had the authority to consider a remedy, vacatur is also warranted because the solution he devised effectively nullified other provisions of the CBA. The arbitrator's "task is limited to construing the meaning of the collective-bargaining agreement so as to effectuate the collective intent of the parties." Midwest Division-L.H., LLC v. Nurses United for Improved Patient Care, 720 F.3d 648, 650 (8th Cir. 2013) (citation and internal quotation marks omitted). Although the arbitrator must construe the CBA when resolving a grievance, "he may not amend it." Int'l Paper Co. v. United Paper workers Int'l Union, 215 F.3d 815, 817 (8th Cir. 2000).

According to the CBA, written work agreements set forth scheduling details for individual nurses, including the hours to be worked per payroll period, shift rotation, shift length, and weekend rotation. Marsh Aff. Ex. A § 6(A). Article 6 plainly states that a nurse's written work agreement "shall not be changed without consent of the nurse." Id. Moreover, Article 24 contemplates the future implementation of a policy allowing certain

8

senior nurses to work permanent shifts of their choosing. Id. § 24. That provision also prohibits those nurses' work agreements from being "involuntarily changed." Id. § 24(B).

By requiring North Memorial to divide weekend shifts equally among nurses who qualify for the no weekend work benefit, the award allows North Memorial to unilaterally change nurses' work agreements, thereby nullifying portions of Articles 6 and 24.[4] See United Paper workers, 215 F.3d at 817 (vacating award prohibiting the hiring of outside contractors, because a separate provision in the CBA recognized that "situations may arise which will necessitate the use of outside forces"). Moreover, the remedy is untenable because it requires immediate implementation, which does not allow the parties to mutually develop new work agreements consistent with the devised remedy. See McMahon Aff. Ex. 2, at 24 (requiring equitable division of weekend work "from the date of this award"); see also Star Tribune, 450 F.3d at 349 (affirming arbitration award where a provision could be implemented in a

---

[4] North Memorial argues that MNA impermissibly submitted post-award evidence showing that nurses' work agreements have been unilaterally altered or cancelled as a result of the award. See Wachtler Aff. Exs. B, C, D, E. The court must review the award "based on the record before the arbitrator." Midwest Division-LSH, 720 F.3d at 652. Nonetheless, the court need not rely on post-award evidence to determine that the remedy devised by Miller is at odds with Articles 6 and 24.

manner consistent with the award). As a result, the award cannot be said to draw its essence from the CBA, and vacatur is warranted on this basis as well.[5]

### III. Scope of Vacatur

Although vacatur is warranted, the court finds that it is appropriate to vacate only the portion of the award pertaining to the remedy devised by the arbitrator. The parties agree that Miller was authorized to determine whether North Memorial violated Article 23, Section I, and his finding on that question must be enforced here. See Associated Elec. Coop., 751 F.3d at 904 (upholding award but declining to enforce remedy pertaining to an issue that was not submitted to arbitration); Centrata, Inc., Fort Dodge, Iowa v. Local No. 816 Int'l Union of Elec., Radio & Machine Workers of Am., 827 F.2d 1210, 1217 (8th Cir. 1987) (holding that "the district court did not err in vacating the remedial portion of the arbitrator's award"). As a result, the remedy portion of the award is vacated.

---

[5] MNA also argues that it previously rejected a proposal by North Memorial allowing for individual work agreements to be unilaterally modified upon 60 days' notice to the nurse. See McMahon Aff. ¶ 13. "[A]n arbitrator may not ignore persuasive evidence that a particular remedy was considered and 'explicitly rejected' in negotiating the CBA." Midwest Division-LSH, 720 F.3d at 651. It appears, however, that evidence of these negotiations was not submitted to the arbitrator and therefore cannot form an alternative basis for vacatur.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to vacate, or in the alternative, modify or correct arbitrator's decision [ECF No. 12] is granted in part, as set forth above.

Dated:  May 18, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court
